GAAR SCOTT & CO., *Appellant*, v. A. H. ARNEAL *et ux.*, *Appellees*.

No. 16,191.

RESIDENCE — *Evidence* — *Attachment*. The evidence justified holding that the defendants were residents of the state when an attachment was issued.

Appeal from Rawlins district court; WILLIAM H. PRATT, judge. Opinion filed March 12, 1910. Affirmed.

*Fred Robertson,* for the appellant.
*Dempster Scott,* for the appellees.

*Per Curiam:* This is a proceeding to review an order dissolving an attachment. The order was obtained on the ground that the Arneals were nonresidents of the

state. The district judge decided on written testimony that the Arneals were residents of the state when the order was issued, and therefore dissolved the attachment. The ruling appears to be supported by the testimony. The Arneals owned and occupied a farm in Rawlins county, Kansas. In December, 1906, A. H. Arneal entered government land in Colorado, and in an affidavit declared that the land was taken for actual settlement. In May, 1907, he relinquished that land and made application to enter another tract, and again declared his purpose to establish a residence on the entered land. At that time he took with him from Kansas horses and implements, with which he made some improvements on the Colorado land. In November, 1907, his application for entry of the second tract was rejected, but he took no appeal from the decision. In January, 1908, Arneal, his wife and children went to Colorado, taking with them some stock, implements and household goods, and they remained there until June 3, 1908. On March 7, 1908, the attachment order was issued, on the theory that they were nonresidents. His testimony is that he did contemplate a residence in Colorado when the attempted entries of government land were made, but, failing to get the land, that purpose was abandoned. They state that the trip to Colorado in 1908 was not with the intention of changing their residence to Colorado, but was taken on account of the wife's health and in the hope that she might recover from a cough with which she was afflicted. They further state that no crop was planted in Colorado and during this absence from Kansas they had no idea of giving up their Kansas residence. When they went to Colorado they left at their home in Kansas some household goods, implements, and a large acreage of growing crops. While the residence of these parties is not to be determined from their declarations alone, their acts and conduct lend considerable support to their declared

14—82 KAN.

intentions, and together they seem to be sufficient to justify the holding that they were residents of the state when the attachment was issued.

The order is affirmed.